UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 23-cr-155 (SRN/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Obuatawan Leon Holt, | |
| Defendant. | |

---

Esther Soria Mignanelli, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Arthur R. Martinez, Attorney, Law Offices of Arthur R. Martinez, P.A., 250 Second Avenue South, Suite 205, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on two motions for discovery. The United States of America (the "Government") filed a Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 27. Defendant Obuatawan Leon Holt filed a Request for Discovery Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, ECF No. 32.

The motions hearing was originally scheduled for October 23, 2023 and was continued to December 22, 2023. *See* ECF Nos. 58, 59, and 60. Defendant withdrew its Motion to Exclude DNA Evidence, ECF No. 54, on December 14, 2023. *See* ECF Nos. 61, 62, and 63. Based on correspondence from counsel, the continued motions hearing was stricken and both motions were taken under advisement on the papers on December 18, 2023. *See* ECF Nos. 62, 64, 65 and 66.

1

Based upon the record, memoranda, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 27, is **GRANTED**.

The Court's Arraignment Order requires the parties to disclose the identity of any expert witness and make all expert disclosures no later than 28 days before trial and make all rebuttal expert disclosures no later than 14 days before trial. Arraignment Order, ECF No. 25 at 2. The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses. *See generally* ECF No. 27. With respect to disclosure of expert witnesses, the Government's motion proposes that principal experts be disclosed 30 days before trial and rebuttal experts be disclosed 10 days prior to trial. *Id.* at 2.

The Court grants the Government's motion. Consistent with the Government's proposal no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures. *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2. Defendant's Request for Discovery Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, ECF No. 32, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A)(A)-(B) and (D)-(G) of the Federal Rules of Criminal Procedure. *See generally*

ECF No. 32. This includes expert witness disclosures. *Id.* at 3 (citing Fed. R. Evid. 702, 703, and 705).

Defendant's motion is granted to the extent that responsive information subject to disclosure under Rule 16(a)(1)(A)-(B) and (D)-(G) remains in the Government's control and has not yet been produced. Defendant's motion is further granted in part to the extent his discovery requests seek discovery and disclosures that the Government is otherwise obligated to disclose by law.

While the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure under Rule 16(a)(1)(A)-(B) and (D)-(G) that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

"In most circumstances . . . a defendant must point to a statute, rule of criminal procedure, or other entitlement to obtain discovery from the government." *United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000). To the extent Defendant seeks information or materials outside the Government's disclosure obligations under Rule 16(a)(1)(A)-(B) and (D)-(G) or that have already been produced, his motion is denied. *Id.*

3. All prior consistent orders remain in full force and effect.

4. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

[Continued on next page.]

Dated: January 12, 2024

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Holt*
Case No. 23-cr-155 (SRN/TNL)

4